FILED
2004 Nov-15  PM 02:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED
04 NOV 15 PM 2:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. CV-03-S-3235-NW ) |
| MARK PRUITT, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This action is before the court on plaintiff's motions to enter default judgment against three defendants: Rene Pruitt, Mark Pruitt, and Robert Bevis ("the three defendants").[1] This action is also before the court on a motion for summary judgment by defendant Cotton Farmers Investments.[2] The court declines to rule on Cotton Farmers' motion until it first resolves plaintiff's motions for default judgment.

This is an interpleader action. Plaintiff deposited $6,717.51 with the clerk of the court and requested the court to determine the party or parties entitled to this fund.[3] Plaintiff identified six potential claimants, including Mark Pruitt, Rene Pruitt, Robert Bevis, and Cotton Farmers Investments.[4]

---

[1]Doc. nos. 16, 17, 21.
[2]Doc. no. 24.
[3]Doc. no. 1, at prayer for relief.
[4]Doc. no. 1, at ¶ 8.

Upon plaintiff's motions,[5] the clerk of the court entered default against Rene Pruitt on July 1, 2004;[6] against Robert Bevis on July 1, 2004;[7] and against Mark Pruitt on August 23, 2004.[8] Plaintiff further moved the court for entry of default *judgment* against these individuals, on grounds that they had failed to "appear, plead, or otherwise defend [the action] and the time for answering [has] expired . . . ."[9]

Federal Rule of Civil Procedure 55(b) states that judgment by default may be entered as follows:

> (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
>
> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.

---

[5] Doc. no. 16, 17, 21.
[6] Doc. no. 19.
[7] Doc. no. 18.
[8] Doc. no. 23.
[9] Doc. nos. 16, 17, 21.

Fed. R. Civ. P. 55(b) (last sentence of 55(b)(2) omitted).

The Former Fifth Circuit stated that the "'entry of judgment by default is a drastic remedy and should be resorted to only in extreme situations . . . . It is only appropriate where there has been a clear record of delay or contumacious[10] conduct.'" *Turner v. Salvatierra*, 580 F.2d 199, 201 (5th Cir. 1978) (citing *E.F. Hutton & Company v. Moffatt*, 460 F.2d 284, 285 (5th Cir. 1972)) (other citations omitted).[11]

The court has not received any pleadings or correspondence from Mark Pruitt, Rene Pruitt, or Robert Bevis. Arguably, this is a "clear record of delay" warranting default judgment. Even so, the court seeks more assurance that the three defendants have no claim to the interpled funds, and will not enter default judgment at this time.

In accordance with the Order entered contemporaneously herewith, defendants Rene Pruitt, Mark Pruitt, and Robert Bevis are ordered to show cause why default judgment should not be entered against them. Plaintiff should serve the three defendants with a copy of the Order and this memorandum opinion, and otherwise comply with the requirements set out in the Order.

---

[10]"Contumacious" is defined as "perverse in resisting authority," "stubbornly disobedient," "rebellious," "irreconcilable." *Webster's Third New International Dictionary* (unabridged) 497 (2002).

[11]In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982), the Eleventh Circuit held that a decision made by a non-unit panel of the Former Fifth Circuit is binding on the Eleventh Circuit. *Id.* at 34.

The court recognizes that plaintiff may be unsuccessful in its attempt to effect service. The court issued an Order on September 27, 2004, instructing Mark Pruitt, Rene Pruitt, and Robert Bevis to respond to defendant Cotton Farmers' motion for summary judgment.[12] The Order sent to Mark Pruitt was returned to the court with the explanation that it was "undeliverable as addressed." The same applied to the Order sent to Rene Pruitt, although the address she supplied to the court was different from Mark Pruitt's. Robert Bevis did not respond to the court's order.

Plaintiff is thus instructed to make "reasonable effort" to serve the three defendants. The sum of the interpled funds in this case is $6,717.51. It would make little sense for plaintiff to expend more than that amount (or an amount approaching that figure) in attempting to effect service. If plaintiff encounters difficulty in effecting personal service, it should consider ways to effect constructive service, as long as such methods are not cost-prohibitive.

DONE this 15th day of November, 2004.

_____
United States District Judge

---

[12] Doc. no. 26.