FILED

2004 Dec-13  PM 02:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-03-S-3235-NW** |
| | ) | |
| **MARK PRUITT, *et al.,*** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This interpleader action is before the court on motion for summary judgment by defendant Cotton Farmers Investments, Inc.[1]

Federal Rule of Civil Procedure 56 provides, in part, that summary judgment not only is proper, but also that it "*shall be* rendered *forthwith* if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c) (emphasis supplied).  Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

---

[1] Doc. no. 24.  The court ordered all parties to respond to the motion for summary judgment on or before October 8, 2004 (doc. no. 26).  No party responded to the motion.

essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
>     The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)); *see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (*en banc*). The motion pierces the pleadings, and "strikes at the heart of the claim. In effect it argues that as a matter of law upon admitted or established facts the moving party is entitled to prevail." Charles Alan Wright, *The Law of Federal Courts* § 99, at 705 (5th ed. 1994).

Defendants Mark Pruitt and Rene Pruitt borrowed $65,000 from the United States Department of Agriculture, Farm Service Agency ("the government"), on April 20, 1984.[2] The Pruitts procured the loan by executing a mortgage on real property

---

[2] *See* doc. no. 1, Ex. A (copy of mortgage contract); *see also* doc. no. 1, ¶¶ 3-5.

located in Lauderdale County, Alabama. The mortgage conveyed title to the government, and permitted the government to accelerate payment of the Pruitt's indebtedness in case of default.[3]

Sometime on or before December 4, 2003, Mark and Rene Pruitt defaulted on their loan repayment, causing the government to declare the Pruitts' debts due and payable.[4] The government consequently sold the mortgaged property in order to satisfy the Pruitts' debt. The sale proceeds, however, *exceeded* the debt by $6,717.51.[5] The government filed a Complaint for Interpleader with this court on December 4, 2003,[6] and requested the court to determine which of the following "prospective claimants" were entitled to the excess funds:

1.    Mark Pruitt;

2.    Rene Pruitt;

3.    Robert J. Bevis;

4.    Helena Chemical Company;

5.    State of Alabama Department of Revenue; and

6.    Cotton Farmers Investments, Inc.

---

[3] *Id.*

[4] Doc. no. 1, ¶ 5.

[5] *Id.*, ¶ 8.

[6] Doc. no. 1.

3

Doc. no. 1, ¶ 8.

The court may eliminate the following persons and entities from the field of potential claimants.  The court dismissed defendant Helena Chemical Company from the present action, without prejudice, on February 10, 2004.[7]  Defendant Rene Pruitt informed the court on November 29, 2004, that she does not claim an interest in the interpled funds.[8]  Defendant Robert Bevis informed the court a day later, on November 30, 2004, that he does not claim an interest in the interpled funds.[9]  Furthermore, the court is entering a judgment of default against defendant Mark Pruitt contemporaneously with this memorandum opinion.  The government also stated that the State of Alabama Department of Revenue ("Department") was a prospective claimant because, "as of May 28, 2003, there were unpaid state property taxes for 2002 due in the amount of $326.50 for Parcel ID# 24-03-07-0-002-006.000."[10]  The Department has informed the court, however, that these property taxes for 2002 "have been paid in full."[11]

Defendant Cotton Farmers, Inc., is therefore the sole remaining claimant to the interpled funds, and as such, its motion for summary judgment is due to be granted.

---

[7] Doc. no. 8.

[8] Doc. no. 30.

[9] Doc. no. 31.

[10] Doc. no. 1, ¶ 8.

[11] Doc. no. 27, ¶ 1.

In accordance with the order entered contemporaneously herewith, the clerk of the court is directed to release the interpled funds, plus interest accrued on the fund, to defendant Cotton Farmers.

DONE this 13th day of December, 2004.

_____
United States District Judge